## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**IVONNE COVARRUBIAS**, an individual,

Plaintiff,

v.

**ARTHREX, INC.**, a Delaware corporation,

Defendant.

**CIVIL ACTION**

**Case No.  2:19-cv-553**

**Judge:**

**Mag. Judge:**

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **IVONNE COVARRUBIAS** ("COVARRUBIAS" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1.     This is an action brought under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §1981, Florida Civil Rights Act (FCRA) and Florida Private Whistleblower Act (FWA) for (1) racial/national origin discrimination in violation of Title VII, (2) racial discrimination in violation of 42 U.S.C. §1981, (3) racial/national origin discrimination in violation of the FCRA, (4) retaliation in violation of Title VII, (5) retaliation in violation of the FCRA, and (6) retaliation in violation of the FWA.

## PARTIES

2.     The Plaintiff, **IVONNE COVARRUBIAS** ("**COVARRUBIAS**") is an individual and a resident of Florida who at all material times was employed by the Defendant.

3.     Defendant, **ARTHREX, INC.** is a Delaware corporation with a principal place of business located at 1370 Creekside Blvd., Naples, Florida, and employed **COVARRUBIAS**.

1

4.      At all material times, the Defendant employed greater than twenty (20) employees.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6.      This Court has supplemental jurisdiction over **COVARRUBIAS**'s state law claims pursuant to 28 U.S.C. §1367.

7.      Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in Collier County, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Collier County is within the Fort Myers Division.

8.      **COVARRUBIAS** received her Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on May 13, 2019 and the instant Complaint is filed within the time frame required under the law. A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A.

## GENERAL ALLEGATIONS

9.      **COVARRUBIAS** began her employment with the Defendant in 2006 and was employed as a Senior Product Surveillance Specialist.

10.     **COVARRUBIAS** always performed her assigned duties in a professional manner and was very well qualified for her position.

11.     **COVARRUBIAS** always met and exceeded performance goals and always received very good to excellent performance reviews.

12.     Beginning in February 2018, **COVARRUBIAS**' supervisor began making comments referring to his dislike of Puerto Ricans based on his allegedly prior negative interactions with that protected class.

13.     In regard to one Puerto Rican lady he had worked with at another job, her supervisor openly stated in front of **COVARRUBIAS** that if he ever saw the Puerto Rican lady, he would run her over.

14.     **COVARRUBIAS** is of Puerto Rican national origin and is Hispanic, and she promptly objected to her supervisor's negative comments about her protected classes.

15.     **COVARRUBIAS** almost immediately began suffering retaliation and lodged formal complaints regarding national origin/racial discrimination, and FDA violations, in February, March and June 2018.

16.     **COVARRUBIAS**' written report of the Defendant's FDA violations were in regard to the Defendant failing to include adverse outcomes in reports to the government regarding its medical devices.

17.     Thereafter, the same supervisor then retaliated against **COVARRUBIAS** by first issuing her written discipline in April 2018 and then later concocting a pretextual basis for terminating her employment.

18.     Specifically, prior to taking vacation, **COVARRUBIAS** had obtained her supervisor's approval but her supervisor then terminated **COVARRUBIAS** on July 11, 2018 by claiming she failed to get approval for the very vacation he approved.

19.      Her supervisor then replaced **COVARRUBIAS** with less-qualified persons outside of her protected classes.

20.     At all material times, the Defendant was aware of **COVARRUBIAS**' protected classes and her engagement in statutorily protected activity, which are the bases for its discriminatory and retaliatory employment practices toward her.

21.     To the extent the Defendant claims that **COVARRUBIAS** had any performance deficiencies or engaged in any misconduct, which she did not, the Defendant did not follow its progressive discipline policy in regard to **COVARRUBIAS**.

22.     At all material times, the Defendant was aware of **COVARRUBIAS**' race/national origin and objections to discrimination based on those protected classes, which are the bases for its discriminatory employment practices toward her.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, RACIAL/NATIONAL ORIGIN DISCRIMINATION

23.     Plaintiff incorporates by reference Paragraphs 1-22 of this Complaint as though fully set forth below.

24.     At all material times, **COVARRUBIAS** was an employee and the Defendant was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

25.     In accordance with 42 U.S.C. §2000e-2(a), the Defendant was prohibited from:

> (1) fail[ing] or refuse[ing] to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

> (2) limit[ing], segregate[ing], or classify[ing] his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

26.     The Defendant violated **COVARRUBIAS**'s civil rights by subjecting her to unlawful racial and national origin discrimination, as described above.

4

27.     The herein described activities of the Defendant constitutes a continuing series of related discriminatory acts and a systematic policy, pattern and practice of discrimination by the Defendant targeting **COVARRUBIAS** based on **COVARRUBIAS'** membership in a protected class, her race.

28.     As a direct and proximate result of the Defendant's actions, **COVARRUBIAS** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

29.     **COVARRUBIAS** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing Defendant to cease and desist from all acts of racial discrimination;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.     Reimbursement of all expenses and financial losses the Plaintiff has incurred as a result of Defendant's actions;

v.      Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi.      Reasonable attorney's fees plus costs;

vii.     Compensatory damages;

viii.    Punitive damages, and;

ix.      Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF FCRA, RACIAL/NATIONAL ORIGIN DISCRIMINATION

30.     Plaintiff incorporates by reference Paragraphs 1-22 of this Complaint as though fully set forth below.

31.     At all material times, **COVARRUBIAS** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

32.     In accordance with the FCRA, the Defendant was required to:

> (2) secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

33.     The Defendant violated **COVARRUBIAS**' civil rights by subjecting her to unlawful racial and national origin discrimination, as described above.

34.     The herein described activities of the Defendant constitute a continuing series of related discriminatory acts and a systematic policy, pattern and practice of discrimination by the Defendant targeting **COVARRUBIAS** based on **COVARRUBIAS'** membership in a protected class, her race.

35.     As a direct and proximate result of the Defendant's actions, **COVARRUBIAS** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past

and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

36.     **COVARRUBIAS** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing Defendant to cease and desist from all acts of racial discrimination;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.     Reimbursement of all expenses and financial losses the Plaintiff has incurred as a result of Defendant's actions;

v.      Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi.     Reasonable attorney's fees plus costs;

vii.    Compensatory damages;

viii.   Punitive damages, and;

ix.     Such other relief as this Court shall deem appropriate.

### **COUNT III – VIOLATION OF 42 U.S.C. §1981 VIA 42 U.S.C. §1983**

37.     Plaintiff incorporates by reference Paragraphs 1-22 of this Complaint as though fully set forth below.

38.     **COVARRUBIAS**, by virtue of her race, Hispanic, is a member of a protected class.

39.     At all material times, **COVARRUBIAS** was an employee and the Defendant was the employer of **COVARRUBIAS**.

40.     The Defendant engaged in unlawful employment practices prohibited by §1981 by creating, condoning and perpetuating a discriminatory and hostile work environment and interfering with **COVARRUBIAS**' contractual rights because of her race.

41.     The Defendant engaged in unlawful employment practices prohibited by §1981 by creating, condoning and perpetuating a discriminatory and hostile work environment and interfering with **COVARRUBIAS**' contractual rights because **COVARRUBIAS** was treated less favorably than similarly situated employees outside **COVARRUBIAS'** protected class.

42.     The Defendant acted with malice and reckless disregard for **COVARRUBIAS'**s rights under §1981.

43.     Supervisory personnel of the Defendant intentionally subjected **COVARRUBIAS** to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of **COVARRUBIAS**' employment, including the adverse action of loss of pay.

44.     At all material times, the Defendant's personnel had authority to affect, indirectly or directly, the terms and conditions of **COVARRUBIAS'** employment.

45.     At all material times, the Defendant's personnel had authority to affect, indirectly or directly, the terms and conditions of **COVARRUBIAS'**s employment.

46.     The Defendant's personnel intentionally subjected **COVARRUBIAS** to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the

8

conditions of her employment and by knowingly failing and refusing to protect **COVARRUBIAS**, and other minorities, from those hostile and abusive conditions.

47.     the Defendant's actions reflect a policy, custom, or pattern of official conduct of engaging in and condoning harassment and discrimination:

a.  The Defendant's employees intentionally subjected **COVARRUBIAS** to unequal and discriminatory treatment by engaging in repeated and persistent acts of unwelcome and offensive racial discrimination and harassment of **COVARRUBIAS**;

b.  The Defendant's employees have engaged in conduct with other minority employees who have found such conduct to be unwelcome and offensive;

c.  Supervisors and employees of the Defendant treated **COVARRUBIAS** and other minorities employees in a degrading, offensive and discriminatory manner because of their membership in protected classes, and the Defendant refused to take corrective action;

d.  **COVARRUBIAS** and other members of protected classes were subjected to a discriminatory and hostile work environment because of their such memberships, and the Defendant failed and refused to take corrective action;

48.     The actions of the Defendant were intentional, willful, and malicious and/or in deliberate indifference for **COVARRUBIAS**'s clearly established legal rights as secured by 42 U.S.C. §1981 and the Civil Rights Act of 1991.

49.     The Defendant could not have believed doing nothing was lawful in light of the clearly established law that racial harassment and discrimination was an infringement of legal rights.

50.   The actions of the Defendant in intentionally engaging in and condoning racial harassment and discrimination against **COVARRUBIAS** has caused **COVARRUBIAS** great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE,** Plaintiff respectfully requests:

i.   All wages and benefits **COVARRUBIAS** would have received but for the discrimination, including pre-judgment interest;

ii.   Compensatory damages in an amount to be determined at trial to compensate **COVARRUBIAS** for depression, humiliation, anguish, emotional distress, and defamation, caused by the Defendants' conduct;

iii.   The Defendant be required to pay prejudgment interest to **COVARRUBIAS**'s on these damages;

iv.   A permanent injunction enjoining the Defendant from engaging in the discriminatory practices complained of herein;

v.   A permanent injunction requiring that the Defendant adopt employment practices and policies in accord and conformity with the requirements of the Civil Rights Act of 1871, 42 U.S.C. §1981, and further requiring that the Defendants adopt and initiate effective remedial actions to ensure equal treatment of male and female employees and subordinates;

vi.   A declaratory judgment that the Defendant's actions violate federal law, and the Fourteenth Amendment to the United States Constitution;

vii. The Court retain jurisdiction of this case until such time as it is assured that the Defendants has remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

viii. An award of reasonable attorney's fees, costs, and litigation expenses, and;

ix. Such other relief as the Court may deem just or equitable.

### COUNT IV – VIOLATION OF TITLE VII- RETALIATION

51.     Plaintiff incorporates by reference Paragraphs 1-22 of this Complaint as though fully set forth below.

52.     **COVARRUBIAS** is a member of a protected class as a Hispanic female of Puerto Rican national origin.

53.     At all material times, **COVARRUBIAS** was an employee and the Defendant was her employer covered by and within the meaning of Title VII.

54.     **COVARRUBIAS** was qualified for the positions that she held with the Defendant.

55.     Following **COVARRUBIAS**' objections to harassment and discrimination, the Defendant retaliated by altering the terms and conditions of her employment.

56.     **COVARRUBIAS** complained to the Defendant about racial and national origin harassment and discrimination, and the Defendant clearly observed **COVARRUBIAS**' growing discomfort concerning the same.

57.     **COVARRUBIAS**' complaints constitute a protected activity because her complaints were concerning an unlawful activity of the Defendant.

58.     Said protected activity was the proximate cause of the Defendant's negative employment actions against **COVARRUBIAS** including changed working conditions, denial of promotions, discipline and termination.

11

59.     Instead of correcting the harassment, the Defendant retaliated against **COVARRUBIAS** via changed working conditions, denial of promotions, discipline and termination.

60.     The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of Title VII.

61.     As a direct and proximate result of the violations of Title VII, as referenced and cited herein, **COVARRUBIAS** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

62.     As a direct and proximate result of the violations of Title VII, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **COVARRUBIAS** is entitled to all relief necessary to make her whole as provided for under Title VII.

63.     As a direct and proximate result of the Defendant's actions, **COVARRUBIAS** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

64.     **COVARRUBIAS** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.     Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position

with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

v.    Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi.    Reasonable attorney's fees plus costs;

vii.    Compensatory damages;

viii.    Punitive damages, and;

ix.    Such other relief as this Court shall deem appropriate.

## COUNT V – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992-RETALIATION

65.    Plaintiff incorporates by reference Paragraphs 1-22 of this Complaint as though fully set forth below.

66.    **COVARRUBIAS** is a member of a protected class as a Hispanic female of Puerto Rican national origin.

67.    At all material times, **COVARRUBIAS** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

68.    **COVARRUBIAS** was qualified for the positions that she held with the Defendant.

69.    Following **COVARRUBIAS**' objections to harassment and discrimination, the Defendant retaliated by altering the terms and conditions of her employment.

70.     **COVARRUBIAS** complained to the Defendant about racial and national origin harassment and discrimination, and the Defendant clearly observed **COVARRUBIAS**' growing discomfort concerning the same.

71.     **COVARRUBIAS**' complaints constitute a protected activity because her complaints were concerning an unlawful activity of the Defendant.

72.     Said protected activity was the proximate cause of the Defendant's negative employment actions against **COVARRUBIAS** including changed working conditions, denial of promotions, discipline and termination.

73.     Instead of correcting the harassment, the Defendant retaliated against **COVARRUBIAS** via changed working conditions, denial of promotions, discipline and termination.

74.     The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the FCRA.

75.      As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **COVARRUBIAS** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

76.     As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **COVARRUBIAS** is entitled to all relief necessary to make her whole as provided for under the FCRA.

77.     As a direct and proximate result of the Defendant's actions, **COVARRUBIAS** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past

and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

78.  **COVARRUBIAS** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.    Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.   Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.  Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.   Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

v.    Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi.   Reasonable attorney's fees plus costs;

vii.  Compensatory damages;

viii. Punitive damages, and;

ix.   Such other relief as this Court shall deem appropriate.

## COUNT VI –VIOLATION OF FLORIDA STATUTE 448.102: FLORIDA'S PRIVATE WHISTLEBLOWER ACT

79.     Plaintiff incorporates by reference Paragraphs 1-22 of this Complaint as though fully set forth below.

80.     **COVARRUBIAS** was an employee of the Defendant, a private company.

81.     At all material times, **COVARRUBIAS** was to be protected from negative employment action by Florida Statute 448.102(1)-(3), commonly known as Florida's "whistleblower statute," which in relevant part provides:

> "An employer may not take any retaliatory personnel action against an employee because the employee has:
>
> (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice;
>
> (2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer, and;
>
> (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

82.     **COVARRUBIAS** did engage in statutorily protected activity by her written objection to the Defendant's illegal practices described above.

83.     Immediately after engaging in statutorily protected activity, **COVARRUBIAS** suffered negative employment action, her termination, which is a direct result of her statutorily protected activity.

84.     **COVARRUBIAS**' termination and her engaging in statutorily protected activity are causally related.

85.     The Defendant knew that **COVARRUBIAS** was engaged in protected conduct as referenced herein.

86.     The Defendant discharged, terminated, demoted, suspended, threatened, disciplined and harassed **COVARRUBIAS** from her employment, and otherwise retaliated against her because of her protected conduct.

87.     As a direct and proximate result of the violations of F.S. § 448.102, as referenced and cited herein, **COVARRUBIAS** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

88.      As a direct and proximate result of the violations of F.S. § 448.102, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **COVARRUBIAS** is entitled to all relief necessary to make her whole.

89.     The Defendant's negative employment actions against **COVARRUBIAS** continued until her termination and this count is timely filed.

**WHEREFORE,** Plaintiff demands damages against Defendant for violation of Florida's Private Sector Whistle-blower's Act (Section 448.102, Fla. Stat.), including but not limited to all relief available under Section 448.103, Fla. Stat., such as:

(a) an injunction restraining continued violation of this act,

(b) reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position,

(c) reinstatement of full fringe benefits and seniority rights,

17

(d) compensation for lost wages, benefits, and other remuneration,

(e) any other compensatory damages allowable at law,

(f) attorney's fees, court costs and expenses, and

(g) such other relief this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,


Dated: August 6, 2019          **/s/ Benjamin H. Yormak**
                               Benjamin H. Yormak
                               Florida Bar Number 71272
                               Trial Counsel for Plaintiff
                               Yormak Employment & Disability Law
                               9990 Coconut Road
                               Bonita Springs, Florida 34135
                               Telephone: (239) 985-9691
                               Fax: (239) 288-2534
                               Email: byormak@yormaklaw.com