# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

IVONNE COVARRUBIAS,
an individual,

    Plaintiff,

v.                                                               Case No. 2:19-cv-553-TPB-MRM

ANTHREX, INC.

    Defendant.
_____/

## ORDER GRANTING IN PART, AND DENYING IN PART, DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

This matter is before the Court on "Defendant's Motion to Dismiss Plaintiff's Amended Complaint," filed by counsel on November 18, 2019. (Doc. # 21). On December 2, 2019, Plaintiff, through counsel, filed a response in opposition to the motion. (Doc. # 23). After reviewing the motion, response, court file, and the record, the Court finds as follows:

### Factual Background[1]

Plaintiff began working for Anthrex in 2006 as a Senior Product Surveillance Specialist. In February 2018, Plaintiff's supervisor made comments regarding his "dislike of Puerto Ricans based on his allegedly prior negative interactions with that

---

[1] The Court accepts as true the facts alleged in Plaintiff's amended complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

protected class." The supervisor stated in front of Plaintiff that if he ever saw the Puerto Rican lady he worked with at another job, he would run her over.

Plaintiff objected to her supervisor's negative comments. Almost immediately, Plaintiff "began suffering retaliation by her supervisor" and lodged formal complaints with Anthrex concerning the alleged discrimination and FDA violations.[2] The complaints were lodged in February, March, and June of 2018.[3]

In April 2018, the supervisor disciplined Plaintiff in writing. Later, Anthrex terminated Plaintiff. Plaintiff claims that Anthrex terminated her employment for a pretextual reason – that Plaintiff went on vacation without first obtaining approval from her supervisor. Plaintiff claims that she did indeed obtain approval, and that she was actually terminated in retaliation for the complaints she lodged. Plaintiff's supervisor then replaced Plaintiff with a less-qualified person who is not Puerto Rican.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-

---

[2] In the referenced formal complaint concerning FDA violations, Plaintiff states she reported that Anthrex falsified compliance documents by failing to include adverse outcomes regarding medical devices in reports submitted to the FDA. Plaintiff alleges the conduct violated the False Claims Act and the Florida Deceptive & Unfair Trade Practice Act.
[3] It is unclear from the complaint whether Plaintiff complained of retaliation, FDA violations – or both – in February, March, and June of 2018.

62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555. A claim is facially plausible when the pleaded facts allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The Court is not required to accept legal conclusions stated as factual allegations as true. *Iqbal*, 556 U.S. at 678.

## Analysis

In the motion to dismiss, Defendant argues that Plaintiff fails to adequately state a claim for relief. Plaintiff alleges several claims for relief: (1) racial and national origin discrimination in violation of the Civil Rights Act of 1964; (2) racial and national origin discrimination in violation of the Florida Civil Rights Act; (3) racial discrimination in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983; (4) retaliation in violation of Title VII; (5) retaliation in violation of the Florida Civil Rights Act; and (5) retaliation in violation of the Florida Whistleblower Act.

### *Racial and national origin claims (Counts I and II)*

To prove a prima facie case for discriminatory disparate treatment, Plaintiff must establish that (1) she belongs to a protected class, (2) she was subjected to an adverse employment action, (3) she was qualified to perform the job in question, and (4) that her employer treated "similarly situated" employees outside her class more favorably.[4] *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1220–21 (11th Cir. 2019). In her amended complaint, Plaintiff alleges (1) that she is Puerto Rican and Hispanic; (2) that she was subjected to various adverse employment actions, including termination; (3) that she always performed her assigned duties in a professional manner and was very well qualified for her position; and (4) that after she was terminated she was replaced with "less-qualified persons outside her protected class." Accordingly, the Court finds that Plaintiff has sufficiently stated discrimination claims in Counts I and II.

Anthrex additionally argues that Plaintiff's complaint is deficient because Plaintiff has failed to adequately allege the elements of a hostile work environment claim, which would require that the alleged harassment be sufficiently severe or pervasive to alter the terms and condition of employment. However, in her response to Anthrex's motion, Plaintiff unequivocally asserts that she is not alleging

---

[4] Because the FCRA was patterned after Title VII, Florida courts have applied decisions relating to Title VII when analyzing FCRA claims. *See, e.g., Pedrioli v. Barry Univ., Inc.*, No. 6:17-cv-577-Orl-40 GJK, 2018 WL 2215464, at *2 (M.D. Fla. May 15, 2018) (citing *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998)); *see also Eldredge v. EDCare Mgmt., Inc.*, No. 12-61984, 2014 WL 590336, at *3 (S.D. Fla. Feb. 14, 2014) (finding no need to independently analyze Florida Civil Rights Act claims after analyzing federal claims for age and sex discrimination when determining whether plaintiff's complaint contained sufficient factual allegations).

a hostile work environment claim. Consequently, the motion to dismiss is denied as to Counts I and II.

***Violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 (Count III)***

Plaintiff appears to allege violations of § 1981 and § 1983. Both Title VII and 42 USC § 1981 share the same analytical framework and have the same requirements of proof. *Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318 (11th Cir. 1998) (using a Title VII analysis where plaintiff alleged he was terminated on the basis of his race and national origin in violation of Title VII and 42 U.S.C. § 1981). Upon review, the Court finds that for the reasons discussed above, Plaintiff has pled a facially sufficient § 1981 claim.

However, Plaintiff has failed to sufficiently allege a § 1983 claim. In order to assert a § 1983 violation, Plaintiff must allege that Anthrex is a state actor, or that factual circumstances exist that would allow Anthrex to be viewed as a state actor under § 1983. *See Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). Plaintiff has failed to do so here. Although the reference to § 1983 appears to be in error, in an abundance of caution, the Court will dismiss this portion of the claim without prejudice. Should Plaintiff choose to pursue her § 1983 claim, she must amend her complaint accordingly.

***Retaliation Claims (Counts IV, V, and VI)***

In her amended complaint, Plaintiff alleges that when she complained about the alleged discriminatory incidents and FDA violations, her employer retaliated by changing her working conditions, denying her promotions, disciplining her, and terminating her employment.

**Retaliation under Title VII and FCRA[5]**

Title VII provides a cause of action for retaliation where plaintiff alleges "(1) that he engaged in an activity protected by Title VII; (2) that an adverse employment action occurred; and (3) that there was a causal connection between the participation in protected activity and the adverse employment action." *Gresham v. Waffle House, Inc.*, 586 F. Supp. 1442, 1445–46 (N.D. Ga. 1984) (citing *Dickerson v. Metro. Dade Cnty.*, 659 F.2d 574, 580 (5th Cir. 1981)). To prove causal connection, "the protected activity must be a 'but-for' cause of the adverse employment action." *Banks v. iGov Techs., Inc.*, 661 F. App'x 638, 645 (11th Cir. 2016) (internal citation omitted). The Eleventh Circuit has held that this can be shown by alleging "close temporal proximity" between the protected activity and adverse action. *Gupta v. Florida Bd. of Regents*, 212 F.3d 571, 590 (11th Cir. 2000), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006); *Donnellon v. Fruehauf Corp.*, 794 F.2d 598, 601-02 (11th Cir. 1986) (finding a one month span sufficient to show close temporal proximity); *cf. Wascura v. City of South Miami*, 257 F.3d 1238, 1247 (11th Cir. 2001) (finding that three and a half months was too long, standing alone, to show close temporal proximity).

Upon review, the Court finds Plaintiff has sufficiently pled that she engaged in an activity protected by Title VII and that an adverse employment action occurred. *See Short v. Immokalee Water & Sewer Dist.*, 165 F. Supp. 3d 1129, 1148

---

[5] The Court's analysis of the Title VII claim applies equally to the Florida Civil Rights claim, because the FCRA was patterned after Title VII. *Pedrioli*, 2018 WL 2215464, at *2 n.3 (citing *Harper*, 139 F.3d at 1387).

(M.D. Fla. 2016) (denying defendant's motion to dismiss when plaintiff alleged that he suffered retaliation when his employer limited his work responsibilities, implemented disciplinary procedures which resulted in the denial of pay increases, and denied plaintiff pay raises of which he was entitled). However, Plaintiff has not pled sufficient facts to establish the required causal connection. Although she states she "lodged formal complaints with the Defendant regarding national origin/racial discrimination, and FDA violations, in February, March and June 2018," it is not clear when she complained about discriminatory incidents and when she complained about FDA violations. Consequently, Counts IV and V and dismissed without prejudice.

**Retaliation under the Florida Whistleblower Act**

The Eleventh Circuit applies the same analysis used in Title VII retaliation cases to claims brought under the Florida Whistleblower Act. *Padron v. BellSouth Telecomm., Inc.*, 196 F. Supp. 2d 1250, 1255 (S.D. Fla. 2002). To state a claim for a violation of the Florida Whistleblower Act, a plaintiff must allege "(1) she engaged in statutorily protected activity, (2) she was subjected to adverse employment action, and (3) there was a causal connection between the events." *Fonseca v. Ferman Motor Car Co., Inc.*, No. 8:17-CV-568-T-30TGW, 2018 WL 3610541, at *6 (M.D. Fla. July 27, 2018). As previously explained, Plaintiff's complaint falls short of asserting plausible facts to support a casual connection between the protected activity and adverse employment action.

Accordingly, Counts IV, V, and VI are dismissed without prejudice. Should Plaintiff decide to submit a second amended complaint, she must assert facts

sufficient to state a facially plausible claim for relief or the complaint may be dismissed with prejudice.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Dismiss Plaintiff's Amended Complaint" (Doc. # 21) is hereby **GRANTED IN PART**, and **DENIED IN PART**.
2. Counts III (in part), IV, V, and VI are **DISMISSED WITHOUT PREJUDICE**.
3. Plaintiff is directed to file an amended complaint to correct the pleading deficiencies identified in this Order on or before February 7, 2020. Failure to do so will result in the dismissal of these claims without prejudice, without further notice.

**DONE** and **ORDERED** in Chambers, in Fort Myers, Florida this 23rd day of January, 2020.

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**